UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ZURICH AMERICAN INSURANCE COMPANY, et al., Plaintiffs, v. OMNICELL, INC., Defendant. | Case No. 18-CV-05345-LHK<br>**ORDER GRANTING MOTION TO STAY**<br>Re: Dkt. No. 22 |
|---|---|

Plaintiffs Zurich American Insurance Company and American Guarantee & Liability Company (collectively, "Zurich") filed the instant lawsuit seeking, among other things, declaratory relief that they owe neither a duty to defend nor a duty to indemnify Defendant Omnicell, Inc. ("Omnicell") in an underlying Illinois state court lawsuit brought against Omnicell ("Mazya Action"). Before the Court is Omnicell's motion to stay pending resolution of the underlying Mazya Action, or in the alternative, to stay proceedings until 60 days after the Illinois Supreme Court issues a ruling in *Rosenbach v. Six Flags Entertainment Corp. & Great America LLC*. ECF No. 22 ("Mot."). Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Omnicell's motion to stay pending resolution of the underlying Mazya Action.

1

Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

## I. BACKGROUND

### A. The Parties in the Instant Case

Omnicell is a Delaware corporation with its principal place of business in California. ECF No. 1 ("Compl."). Omnicell's business is focused on helping hospitals and businesses manage medication and medical supplies. Mot. at 2. Zurich is a New York insurance company with its principal place of business in Illinois. Compl. ¶ 1. Zurich issued a series of primary and umbrella policies to Omnicell to guard Omnicell against liability risks associated with Omnicell's business. *See* Compl. ¶¶ 10–11.

### B. The Underlying Mazya Action

The underlying third-party Illinois state court lawsuit at issue is captioned *Mazya v. Northwestern Lake Forest Hospital, et al.*, Case No. 2018-CH-07161 ("Mazya Action"). The Mazya Action was filed on June 6, 2018, and alleges that various defendants, including Omnicell, violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, which regulates the collection and storage of Illinois citizen's biometrics, by failing to take certain steps related to the retention and disclosure of the putative class members' biometric information. *Id.* ¶¶ 12–18; *see also id.,* Exh. I. The Mazya Action complaint alleges two causes of action: (1) violation of BIPA because "[e]ach Defendant systematically and automatically collected, used, stored, and disclosed Plaintiff's biometric identified and/or biometric information without first obtaining the written release required by" BIPA; and (2) negligence because Defendants failed to implement "reasonable safeguards around the collection and use of Plaintiff's and the Class' biometric identifiers and biometric information." *Id.*, Exh. I. ¶¶ 90, 101.

The underlying Mazya Action was stayed on October 4, 2018, before Omnicell had responded to the complaint. ECF No. 23 ("Somvichian Decl."), Ex. B. The Mazya Action judge wrote that the Mazya Action was stayed pending the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Entertain Corp.*, 2017 IL App (2d) 170317 ("*Rosenbach*"), and set a status hearing for February 20, 2019. *See id.*; *see also id.*, Ex. A. Omnicell believes that the *Rosenbach* case could have an impact on the underlying Mazya Action and that it could result in material

2

Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

amendments to the complaint that would affect the BIPA claim and possibly the negligence claim. *See* Mot. at 3.

### C. The Procedural Background of the Instant Case

Omnicell tendered the underlying Mazya Action to Zurich on June 15, 2018. Somvichian Decl. ¶ 5.

Zurich filed the instant lawsuit on August 30, 2018. *See* Compl. In the instant action, Zurich seeks a declaration that it owes no duty to defend or duty to indemnify Omnicell in the Mazya Action. *See* Compl. ¶¶ 12, 31–37, 38–58. The basis for Zurich's claim that it owes no duty to defend or indemnify Omnicell in the Mazya Action is that the Mazya Action alleges claims arising out of "statutory violations" that are excluded from coverage in the applicable policies. *Id.* ¶¶ 19–22. Zurich also seeks reimbursement and unjust enrichment for "attorney['s] fees and other related costs for the defense of the uncovered claims in the Underlying [Mazya] Action." *Id.* ¶¶ 59–68.

On August 31, 2018, Zurich issued a letter to Omnicell in which Zurich stated that it agrees to defend Omnicell in the underlying Mazya Action pursuant to a reservation of rights. *See* Somvichian Decl., Ex. C ("Reservation of Rights Letter"); *see also* ECF No. 27-1 ("Ramos Decl.") ¶ 5. According to Omnicell's counsel, as of October 30, 2018, Zurich has not paid any amount to Omnicell in connection with Omnicell's defense of the Mazya Action. Somvichian Decl. ¶ 6. According to Zurich's counsel, as of November 30, 2018, "Zurich has requested that Omnicell forward to it defense invoices which Omnicell asserts Zurich must pay for the defense of the Underlying [Mazya] Action; however, as of date of this filing, Omnicell has not forwarded any invoices to Zurich for payment." Ramos Decl. ¶ 5.

Omnicell filed the instant motion to stay on October 30, 2018. *See* Mot. Zurich filed an opposition on November 30, 2018. ECF No. 27 ("Opp'n"). Omnicell replied on December 14, 2018. ECF No. 29 ("Reply"). On February 1, 2019, Zurich filed a statement of recent decision to inform the Court that the Illinois Supreme Court issued a decision in the *Rosenbach* case on January 25, 2019. ECF No. 31.

3

Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

## II. DISCUSSION

### A. Legal Standard

As a threshold question, the Court must identify the appropriate legal standard for analyzing Omnicell's motion to stay. In its motion, Omnicell cites to California law—specifically *Montrose Chemical Corporation of California v. Superior Court* ("*Montrose I*"), 6 Cal. 4th 287, 301 (1993), and *Montrose Chemical Corporation of California v. Superior Court* ("*Montrose II*"), 25 Cal. App. 4th 902, 910 (1994)—for the standard governing a stay. *See* Mot. at 4. However, Omnicell clarifies in its reply brief that it is moving to stay pursuant to this Court's inherent power under *Landis v. North American Co.*, 299 U.S. 248 (1936), to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Reply at 8 (quoting *Landis*, 299 U.S. at 254–55).

Zurich recommends considering the abstention factors in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). *See* Opp'n at 9–12. Omnicell argues that *Brillhart* and *Dizol* do not apply to the instant case because Omnicell is not asking the Court to abstain and because the action includes an independent reimbursement claim. *See* Reply at 7–9.

For the reasons given below, the Court agrees with Omnicell that *Landis* applies. Below, the Court first discusses *Landis*, *Montrose,* and *Brillhart*. Second, the Court explains why *Landis*—and not *Montrose* and *Brillhart*—applies to the instant motion.

### 1. *Landis*

A court's inherent power to stay is governed by *Landis*. Under *Landis*, the Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the

4

issues in such proceedings are necessarily controlling of the action before the court." *Id.* "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Lockyer*, 398 F.3d at 1110 (applying *Landis* factors). "The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis*, 299 U.S. at 255).

### 2. *Montrose*

*Montrose I* and *Montrose II* provide California law's standard for addressing a stay. In *Montrose I*, the California Supreme Court addressed the circumstances under which it is appropriate to stay an insurer's action for declaratory relief on the issues of its duties to defend or indemnify. "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." 6 Cal. 4th at 301. In *Montrose II*, the California Court of Appeal described three ways in which an insured might be prejudiced by concurrent litigation of the declaratory relief and third party actions: (1) the insurer might "join forces with the plaintiffs in the underlying actions as a means to defeat coverage"; (2) the insured might be "compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers"; and (3) "the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage." 25 Cal. App. 4th at 910.

### 3. *Brillhart*

*Brillhart* concerns the question of whether a federal court should "abstain from issuing a declaration in a diversity action where an action is pending in a state court between the same parties presenting the same issues to avoid vexatious interference with the state court's

jurisdiction." *Dizol*, 133 F.3d at 1225 (citing *Brillhart*, 316 U.S. at 495). *Brillhart* provides three factors to consider in deciding whether to stay or dismiss an action for declaratory relief under the Declaratory Judgment Act. Specifically, a district court should (1) "avoid needless determination of state law issues;" (2) "discourage litigants from filing declaratory actions as a means of forum shopping;" and (3) "avoid duplicative litigation." *Dizol*, 133 F.3d at 1225 (discussing *Brillhart*).

In addition, the Ninth Circuit in *Dizol* suggested other factors that may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief, including (1) "whether the declaratory action will settle all aspects of the controversy;" (2) "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue;" (3) "whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage;" (4) "whether the use of a declaratory action will result in entanglement between the federal and state court systems;" (5) "the convenience of the parties;" and (6) "the availability of and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir.1994) (Garth, J., concurring)).

### 4. *Landis* Applies to the Instant Motion

For the reasons given below, the Court finds that *Landis*, not *Montrose* or *Brillhart*, applies to the instant motion.

*Landis* applies to the instant motion because federal procedural law governs in diversity cases. First, this Court has diversity jurisdiction over Zurich's claims pursuant to 28 U.S.C. § 1332. Compl. ¶ 5. Second, federal courts sitting in diversity apply federal procedural law and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (directing federal courts sitting in diversity jurisdiction to apply the substantive law of the state in which the federal court sits). Third, because a stay of an action is procedural, not substantive, the Court applies federal law to determine whether to grant a stay. *See, e.g.*, *United Specialty Ins. Co. v. Bani Auto Grp. Inc.*, No. 18-CV-01649-BLF, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018) (applying the *Landis* factors and not the *Montrose* standard to a motion to stay when the federal court was sitting in diversity in an insurance coverage case); *Scottsdale Ins. Co. v. Grant & Weber*, No. CV-16-610-

6
Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

MWF, 2016 WL 7469636, at *3 (C.D. Cal. Apr. 21, 2016) (same). Therefore, *Landis*, which is federal procedural law, and not *Montrose*, which is state law, governs the instant motion. Nonetheless, state law can still be informative, and the Court discusses *Montrose* when weighing the second *Landis* factor below.

Second, the Court rejects Zurich's contention that *Brillhart* and *Dizol* apply to the instant motion. The Ninth Circuit has held that the application of *Brillhart* factors is limited to actions that seek *only* declaratory relief. *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012). Where additional claims "exist independent of the request for a declaration," the Ninth Circuit has held that the *Brillhart* factors do not apply. *Id.*; *see also, Dizol*, 133 F.3d at 1226 ("Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.").

Here, the instant action includes not just claims for declaratory relief, but also includes a claim for reimbursement and a claim for unjust enrichment. Because at least the reimbursement claim would be viable without the declaratory relief claim, the reimbursement claim is "independent," and thus invokes this Court's mandatory jurisdiction, which renders *Brillhart*'s abstention analysis inapplicable. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001) (holding that insurer's "request for reimbursement is independent of the request for declaratory relief"); *see also, e.g.*, *United Specialty*, 2016 WL 1534885, at *1 (applying *Landis* instead of *Brillhart* when insurance company plaintiff brought a claim for declaratory relief and reimbursement). Accordingly, *Brillhart* does not apply.[1] Nonetheless, "[t]hat the reimbursement claim invokes the Court's mandatory jurisdiction . . . does not negate the Court's power to stay this action under *Landis*." *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No. 15-CV-01039-HSG, 2016 WL 1534885, at *1 (N.D. Cal. Apr. 15, 2016).

Other courts in the Northern District have also found *Brillhart* inapplicable when an action

---

[1] However, the Court notes that even if the *Brillhart* factors applied, the Court would grant Omnicell's motion to stay.

7

Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

includes an independent claim and a declaratory relief claim. *See, e.g.*, *United Specialty*, 2016 WL 1534885, at *1 (declining to apply the *Brillhart* factors and instead applying the *Landis* factors to determine whether to grant a motion to stay when the insurance company plaintiff brought claims for declaratory relief *and* reimbursement); *Bani Auto Grp. Inc.*, 2018 WL 5291992, at *4 (finding *Brillhart* inapplicable where independent rescission claim was brought alongside declaratory relief claim).

In sum, the Court analyzes the instant case pursuant to the Court's inherent powers to stay proceedings as set forth in *Landis*.

### B. Weighing the *Landis* Factors

The Court now weighs the *Landis* factors, which are the possible damage to the non-moving party, "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55).

First, the Court considers the possible damage to the non-moving party which may result from the granting of a stay of the instant coverage case. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). Insurer Zurich argues that it would be prejudiced by a stay of the instant case because Zurich is defending Omnicell in the underlying Mazya Action under a reservation of rights, and staying the instant coverage case would delay a determination that Zurich owes Omnicell no coverage in that underlying action. Opp'n at 8. The Court is unpersuaded. Other courts in this district have previously rejected the same argument by an insurer, particularly because advancing defense costs is "part of an insurer's obligation and costs of doing business." *See e.g.*, *State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.,* No. 5:13-CV-05240-EJD, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015) (granting stay pending resolution of underlying actions and rejecting insurer's argument that it would be prejudiced by advancing defense costs during the stay); *United Specialty*, 2016 WL 1534885, at *2 (same).

The Ninth Circuit has also found unpersuasive an argument similar to Zurich's. Specifically, in *CMAX*, the Ninth Circuit held that where the party opposing the stay seeks money damages, a delay in recovery of damages "is not the kind of prejudice which should move a court

8

Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

to deny a requested postponement." 300 F.2d at 269.

Moreover, Zurich can recover the costs of defending Omnicell after the underlying action is resolved. Indeed, in the instant coverage case Zurich has asserted claims for "reimbursement" and "unjust enrichment" for any uncovered amounts. *See e.g.*, *Bani Auto Grp. Inc.*, 2018 WL 5291992, at *5 ("[T]his Court finds that this factor does not weigh against a stay, as USIC can be fully reimbursed for the funds it spends in defending Bani Defendants should such reimbursement be warranted."); *State Nat'l Ins. Co., Inc.*, 2015 WL 5590842, at *5 ("A temporary stay of this action will not preclude State National from seeking reimbursement of defense fees and costs should it become necessary in the future."). Therefore, the Court finds the possible damage to the non-moving party factor favors a stay.

The Court next considers the possible harm that could arise from going forward, or put differently, the prejudice to Omnicell. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). Omnicell argues it is prejudiced by being forced to litigate on two fronts. Mot. at 7–9; Reply at 6–7. Zurich responds that Omnicell is not prejudiced because Zurich will reimburse Omnicell for the defense costs, although Zurich acknowledges that Zurich has not yet made any payments to Omnicell. Opp'n at 14–15.

The Court agrees with Omnicell. Courts have found that any prejudice (if at all) to the insurer in having to pay defense costs while the underlying case is pending is outweighed by prejudice to the insured in having to fight a "two-front war." *See, e.g.*, *Atain Specialty Ins. Co. v. 20 Parkridge, LLC*, No. 15-CV-00212-MEJ, 2015 WL 2226356, at *10 (N.D. Cal. May 11, 2015) (rejecting insurer-plaintiff's argument and finding that "[d]efendants should not have to fight both in this action and the Underlying Action, expending significant resources. To do so would undercut 'one of the primary reasons for purchasing liability insurance.'"); *Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*, No. 16-CV-01114-JST, 2016 WL 7230868, at *3 (N.D. Cal. Dec. 14, 2016) ("It is true that Hanover might be forced to expend its own money and human resources defending McDuffie in the Underlying Action, even though this Court could ultimately determine that it has no legal obligation to do so. However, that prejudice depends on Hanover

9
Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

1   prevailing in the Instant Action, an issue the Court has not yet reached. Even assuming the
2   potential prejudice to both sides is comparable, any doubt should be resolved in favor of the
3   insured."); *Golden Eagle Ins. Corp. v. Drain Doctor Inc.*, 14-CV-3242-LHK, 2015 WL 1229323,
4   at *5 (N.D. Cal. Mar. 17, 2015) (finding that the "high risk of prejudice to Drain Doctor, which
5   absent a stay would be required to defend itself concurrently in two related lawsuits" weighed in
6   favor of a stay); *see also Montrose II*, 25 Cal. App. 4th at 910 (describing the "prejudice" that
7   "occurs when the insured is compelled to fight a two-front war, doing battle with the plaintiffs in
8   the third party litigation while at the same time devoting its money and its human resources to
9   litigating coverage issues with its carriers"). Accordingly, the Court finds the prejudice to the
10  moving party factor weighs in favor of a stay.

11  Finally, the Court finds that the orderly administration of justice will be served by a stay.
12  *See CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). As an initial matter, the parties
13  appear to agree that coverage depends on the relationship between the statutory and negligence
14  claims in the underlying Mazya Action. S*ee* Opp'n at 4–5; Reply at 1–5. Therefore, the Court will
15  necessarily have to delve into the facts of the claims in the underlying Mazya Action, which
16  means this Court runs the risk of making factual determinations that may conflict with the state
17  court's findings in the underlying Mazya Action. The factual overlap between the instant coverage
18  case and the underlying Mazya Action weighs in favor of a stay. *See, e.g.*, *United Specialty*, 2016
19  WL 1534885, at *2 (granting stay where "several policy coverage disagreements, including the
20  applicability of coverage limitations, . . . rel[ied] on disputed underlying facts"); *US-SINO*, 2015
21  WL 5590842, at *4 (granting stay where coverage determination based on exclusions would
22  require court to delve into "issues and factual determinations overlap[ping] with the state civil
23  proceedings," including "facts surrounding the circumstances of the decedent's accident").
24  Moreover, the relationship between the underlying claims will be clarified through the course of
25  the litigation in the underlying Mazya Action. Therefore, the fact that the Illinois Supreme Court
26  has just recently issued its decision in *Rosenbach* does not affect this Court's conclusion because
27  this Court's coverage determination will depend on the resolution of the underlying Mazya

10
Case No. 18-CV-05345-LHK
ORDER GRANTING MOTION TO STAY

Action.

In addition to avoiding potentially inconsistent rulings, a stay of the instant case would promote judicial efficiency. This Court need not preside over parallel proceedings over largely overlapping issues. Granting the stay would allow this Court to better manage its limited resources until the underlying Mazya Action is resolved. *See, e.g.*, *Leyva*, 593 F.2d at 863–64 ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it."). Therefore, in light of the above, the Court finds that the orderly administration of justice factor weighs in favor of a stay.

## III. CONCLUSION

After weighing the *Landis* factors, the Court GRANTS Omnicell's motion to stay. The instant case is STAYED pending resolution of the underlying Mazya Action. The parties shall notify the Court within seven days of resolution of the underlying Mazya Action. The Clerk shall administratively close the case file. This is an internal administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: February 12, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge